UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERAHN MITCHELL,

        *Plaintiff*,

   v.

DEPARTMENT OF VETERANS AFFAIRS, *et al.*,

        *Defendants*.

Civil Action No. 25-01946 (AHA)

## Memorandum Opinion

Cherahn Mitchell sues Newrez LLC, the U.S. Department of Veterans Affairs, the Veterans Loan Guarantee, and the clerk of a county in Texas, asserting claims arising out of an attempted foreclosure on a property located in Waskom, Texas. Newrez moves to dismiss, arguing it was not properly served, that this court lacks personal jurisdiction over it, and that Mitchell fails to state a claim. For the reasons below, the court dismisses the case.

**I.  Background**

Mitchell's filings suggest he acquired the property at issue in December 2021 with a loan from the Department of Veterans Affairs' loan guarantee service. *See* ECF No. 1-2 at 3; ECF No. 1-2 at 47. In February 2025, Mitchell received notice that he was behind on his mortgage payments and, in May 2025, the property was posted for foreclosure sale. *See* ECF No. 1-2 at 47; ECF No. 24-2 at 4. According to Mitchell's pleadings, the sale was rescinded a few weeks later. *See* ECF No. 1 at 4; ECF No. 24-2 at 4–5. It is not clear from Mitchell's pleadings whether any foreclosure or eviction happened; although he attaches some eviction-related notices, they all appear to pre-date the final rescission of the foreclosure sale. *See* ECF No. 1-2 at 59, 91, 101. Mitchell's claims

instead seem to stem from his concern about the effectiveness of the rescission. *See* ECF No. 1 at 4. For example, he attached to his opposition brief a September 2025 record from the tax office in Harrison County, Texas that appears to list Newrez as the property's owner, as well as another filing showing that he later attempted to correct that record. *See* ECF No. 24-1 at 2; ECF No. 24-5 at 3–4. Mitchell's alleged injury appears to be based on the failure of these and other records to reflect his ownership of the property. *See* ECF No. 24 at 2–3. His complaint asserts a violation of the Truth in Lending Act and a common law wrongful foreclosure claim. *See* ECF No. 1 at 1, 4. He appears to request quiet title to the property, $672,000 in damages, as well as injunctive relief prohibiting eviction and foreclosure proceedings on the property. *See id.* at 4; ECF No. 2 at 1–2.

Newrez moves to dismiss the complaint for lack of personal jurisdiction, improper service, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), (5), and (6), respectively. ECF No. 16-1 at 3. The remaining defendants have not yet appeared in this case.

## II.     Discussion

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish "a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff "must allege specific acts connecting the defendant with the forum" rather than rely on a "bare allegation" of jurisdiction. *Second Amendment Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). "In assessing challenges to personal jurisdiction, the Court need not treat all of plaintiffs' allegations as true, and instead 'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts.'" *Clay v. Blue Hackle N. Am., LLC*, 907 F. Supp. 2d 85, 87 (D.D.C. 2012) (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785–786

(D.C. Cir. 1983) (relying on an "uncontradicted affidavit" to conclude that the plaintiff failed to establish personal jurisdiction).

The federal rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). A court may dismiss a complaint that fails to meet these requirements upon motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules"); *Dali v. Walter Reed Nat'l Mil. Med. Ctr.*, No. 24-cv-3313, 2025 WL 326575, at *1 (D.D.C. Jan. 29, 2025) (observing that dismissal under Rule 8(a) "may be ordered on motion or *sua sponte* by the court").

The court acts with extra care in reviewing a pro se complaint, construing the allegations liberally and "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). However, pro se litigants must still comply with the applicable rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987) (explaining that the leniency afforded to pro se plaintiffs "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert").

Here, Mitchell has not established that the court has personal jurisdiction over Newrez. The Supreme Court recognizes two avenues for personal jurisdiction: General jurisdiction, where

the defendant is "essentially at home" and the court can hear "any and all claims" against them, and specific jurisdiction, which allows jurisdiction over a party "less intimately connected with a State" if there is "an affiliation between the forum and the underlying controversy." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (citation omitted). Mitchell does not allege facts from which one could conclude Newrez is "at home" in D.C. To the contrary, Newrez has introduced documentation that it is registered in Delaware with a principal place of business in Pennsylvania. *See* ECF No. 16-3 at 2. And there appears to be no basis for specific jurisdiction because the complaint arises from a possible foreclosure on a property in Texas. *See* ECF No. 1-2 at 11. The court accordingly dismisses the claims against Newrez for lack of personal jurisdiction.

Mitchell's allegations also lack sufficient detail to provide the defendants with notice of the claims against them. Although Mitchell refers to the Truth in Lending Act, he does not specify what conduct he believes to have violated the act. Similarly, while he appears to assert wrongful foreclosure, he does not allege facts to support it beyond saying Newrez "failed to stop foreclosure as promised in writing." ECF No. 1 at 4. The lack of clarity is compounded by allegations that the planned foreclosure was later rescinded. *Id.*; *see also* ECF No. 1-2 at 11–13. In addition, Mitchell does not identify any specific conduct related to the defendants he names in his complaint so as to put them on notice of the claims against them and does not provide any allegations from which one could understand their relation to the relief he seeks, which includes quiet title and $672,000 in damages. The complaint accordingly fails to provide the "short and plain statement" required by Rule 8.[1]

---

[1] Based on Mitchell's limited allegations, it also appears he has filed this suit in the wrong venue. *See* 28 U.S.C. § 1391. As noted, Mitchell's allegations concern a property and possible foreclosure

**III.     Conclusion**

For these reasons, the court grants Newrez's motion to dismiss and dismisses the complaint in its entirety for failure to comply with Rule 8.

A separate order accompanies this memorandum opinion.

                                                                                                      _____
                                                                                                      AMIR H. ALI
                                                                                                      United States District Judge

Date:    November 13, 2025

---

sale in Texas. *See* ECF No. 1-2 at 11–13. The only apparent connection to D.C. is the Department of Veterans Affairs; however, the D.C. Circuit has cautioned that this is generally insufficient to establish venue. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (explaining that courts should be mindful that "[b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere").

5